UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-58-KAC-DCP |
| | ) | No. 3:21-CR-4-KAC-JEM |
| JACQUES THRON MARCUS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jacques Thron Marcus's Motion to Continue Trial [*United States v. Marcus*, No. 3:25-CR-58, Doc. 17], filed on December 28, 2025, and Motion to Continue Revocation of Supervised Release Hearing [*United States v. Marcus*, No. 3:21-CR-4, Doc. 78], filed on December 29, 2025.

Defendant asks the Court to continue the plea deadline and trial date in *United States v. Marcus*, No. 3:25-CR-58, and the corresponding revocation hearing in *United States v. Marcus*, No. 3:21-CR-4. In support of his motion, Defendant states that he was set for trial in *United States v. Marcus*, 3:25-CR-58 for January 27, 2026, and was recently indicted on a separate matter, *United States v. Marcus*, 3:24-CR-87, which is set for trial on April 7, 2026 [*Id.* ¶ 1]. Defendant's counsel has been involved in a good faith effort to resolve Defendant's case, but despite due diligence, additional time will be required to resolve certain issues in order to facilitate a fair and reasonable potential plea agreement [*Id.* ¶ 2]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 4]. The Government filed the United States' Notice of

No Objection to Motion to Continue, stating it did not object to continuing trial in this matter [Doc. 19 p. 1].

Based upon the information in Defendant's motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to engage in plea negotiations and prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the January 27, 2026 trial date.

The Court therefore **GRANTS** Defendant Jacques Thron Marcus's Motion to Continue Trial [*United States v. Marcus*, **No. 3:25-CR-58, Doc. 17**] and Motion to Continue Revocation of Supervised Release Hearing [*United States v. Marcus*, **No. 3:21-CR-4, Doc. 78**]. The date for the trial and the revocation hearing is reset to **April 7, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motions on December 28, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Jacques Thron Marcus's Motion to Continue Trial [*United States v. Marcus*, **No. 3:25-CR-58, Doc. 17**] and Motion to Continue Revocation of Supervised Release Hearing [*United States v. Marcus*, **No. 3:21-CR-4, Doc. 78**] are **GRANTED**;

(2) the trial date in *United States v. Marcus*, No. 3:25-CR-58, and corresponding revocation hearing in *United States v. Marcus*, No. 3:21-CR-4, are reset to commence on **April 7, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **December 28, 2025**, and the new trial date of **April 7, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 6, 2026**;

(5) the deadline for filing motions *in limine* is **March 23, 2026,** and responses to the motions *in limine* are due **March 31, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 24, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 27, 2026**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge